

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 21, 1957

Hon. R.M. Dixon, Chairman          WW-32
Board of Water Engineers
1410 Lavaca Street                 Re: Construction of Art. 7477
Austin, Texas                          with respect to authority
                                       of Chairman of Board, as
                                       created by Subdiv. (3) of
Dear Mr. Dixon:                        said article.

     With reference to your letter of February 12, 1957, concerning the above captioned matter, which we quote, in part, to-wit:

> "Will you please advise me whether in your opinion the Chairman of the Board has under this provision the responsibility of administering the affairs of the Board through its staff and is in charge of personnel with respect to hiring and firing, or whether the Board must act as a unit before any employee, other than the Secretary, is hired or discharged for reasons that are in accordance with Board policy.",

we tender the following opinion:

     Article 7477, VCS, carries forward parts of the Acts, 33rd Legislature: Chapter 171, General Laws (1913). Under the 1913 act, the members of the Board elected their own chairman, and the chairman was not designated "Chief Administrative Officer" of the Board. The Board was vested with authority "to appoint such experts and employees" as were necessary to carry out the act, as well as a Secretary.

     The present statute provides for a continuation of the Board as originally created by the above mentioned 1913 Act (Subdiv. (1), Art. 7477, VCS), but modified such act by providing that the Governor shall designate one member Chairman thereof - which Chairman is designated the "Chief Administrative Officer of the Board" - "with authority to issue notices of public hearings authorized by the Board, approve payrolls, and direct the general administration of the office of the Board." (Subdiv. 3, Art. 7477, VCS).

The question presented is whether the creation of a "Chief Administrative Officer of the Board", with specified authority to issue notices of public hearings by the Board, approve payrolls, and direct the general administration of the office of the Board by Subdivision (3) of said article removes from the Board, per se, authority to hire and fire personnel.

Subdivision (6) of Article 7477 provides that "The Board may appoint such other employees as may be deemed necessary for the efficient performance of the duties authorized and required of it by law." Subdivision (4) provides that the Chief Engineer shall serve at the will of the Board, and shall possess such qualifications as the Board may require. Subdivision (7) provides that the Board shall employ a Secretary. (Emphasis supplied).

While a precise definition of "Administrative Officer" is not given by the courts, the term has been construed in Texas in Mauritz v. Schwind, Tex. Civ. App., 101 S.W. 2nd 1085, error refused, as follows: Administrative means "ministerial; pertaining to administration; particularly having character of executive or ministerial action, and when particularly applied to special duties connected with government, executive; a ministerial duty; one in which nothing is left to discretion."

In Words and Phrases, Volume 2 at page 667, the following language is found: "The words 'ministerial' and 'administrative' may be, and frequently are, used interchangeably. An 'Administrative Officer' is frequently classed as a 'ministerial officer', and vice versa. Scurier speaks of 'administrative' as synonymous with 'executive', a 'ministerial duty', as one in which nothing is left to discretion." To the same effect, see Volume 2, CJS 667.

It is clear, from the foregoing, that there is nothing in the term "Chief Administrative Officer" which would imply discretionary authority not specifically granted. The provision of Subdivision (6) of Article 7477 specifically vests the Board per se with authority to employ personnel. Moreover, this is a legislative re-enactment of that portion of the 1913 Act similarly vesting such power in the Board, per se. Had the Legislature intended to repeal this portion of the act, it clearly could have done so. But this the Legislature did not intend to do.

". . . When it is necessary to construe an act in order to determine its meaning, it is settled by a host of decisions that the court should first endeavor to ascertain the legislative intent from a general view of the whole enactment." 39 Tex. Jur. Statutes, Section 90.

## SUMMARY

We therefore conclude that a reading of the entire statute makes plain that the Chairman of the Board of Water Engineers does not have the authority, as such, to hire or fire employees, but that this power is specifically vested in the entire Board. The Chairman, as Chief Administrative Officer of the Board, is not responsible, as such, for the policy making functions of the Board, but is a ministerial officer who must act under decisions of the entire Board.

Very truly yours,

WILL WILSON
Attorney General

By

Houghton Brownlee, Jr.
Assistant

HB-b

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman